UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN CHANDLER,

               Petitioner,

v.                                      CASE NO. 2:06-cv-13308
                                      HONORABLE MARIANNE O. BATTANI.

RAYMOND BOOKER,

               Respondent.
_____/

**<ins>ORDER TRANSFERRING CASE TO THE UNITED STATES
COURT OF APPEALS PURSUANT TO U.S.C. § 2244(b)(3)(A)</ins>**

**I. Background**

Petitioner Kevin Chandler has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The petition and exhibits allege that Petitioner was convicted in 1989 of armed robbery and felony firearm. He was sentenced to two years in prison for the felony firearm conviction and to life imprisonment for the armed robbery. The Michigan Court of Appeals affirmed Petitioner's convictions and sentences in an unpublished decision, *see People v. Chandler,* No. 124437 (Mich. Ct. App. Sept. 9, 1991), and on May 29, 1992, the Michigan Supreme Court denied leave to appeal, *see People v. Chandler*, 439 Mich. 1012; 485 N.W.2d 537 (1992) (table). Petitioner filed post-conviction motions in 1992, 1995, and 1998, but the trial court denied all three motions.

In the year 2000, Petitioner filed a habeas corpus petition challenging the same convictions for armed robbery and felony firearm. United States Magistrate Judge Virginia M. Morgan recommended that the habeas petition be dismissed on the ground that the claims were procedurally barred. United States District Judge Denise Page Hood accepted the Magistrate

Judge's report and recommendation as her findings of fact and conclusions of law and dismissed the habeas petition. *See Chandler v. Smith*, No. 00-CV-71231-DT (E.D. Mich. July 31, 2002). Judge Hood also denied Petitioner's subsequent motions for reconsideration and for a certificate of appealability.

The United States Court of Appeals for the Sixth Circuit likewise declined to grant a certificate of appealability. The Court of Appeals stated that all Petitioner's claims were "lacking in substantive merit and/or defeated by an unexcused procedural default." *Chandler v. Smith*, Nos. 02-2109 and 03-1008 (6th Cir. Apr. 15, 2003) (unpublished decision).

Petitioner then filed a fourth post-conviction motion, which the trial court denied because it was successive. Petitioner appealed the trial court's decision, but the State's appellate courts denied leave to appeal because they agreed that Petitioner's motion was a successive motion for relief from judgment under Michigan Court Rule 6.502(G)(2). *See People v. Chandler*, No. 266918 (Mich. Ct. App. Dec. 20, 2005) (unpublished decision); *People v. Chandler*, 475 Mich. 885; 715 N.W.2d 867 (2006) (table).

Petitioner filed the pending habeas corpus petition on July 21, 2006. The petition alleges that (1) the trial court disregarded its own verdict and erroneously sentenced Petitioner to life imprisonment and (2) relief from the judgment of sentence is required because justice has not been done.

## II. Discussion

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). This

requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). The United States Court of Appeals for the Sixth Circuit has held that, "when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).[1]

Petitioner maintains that his pending habeas corpus petition is not a second or successive petition because his previous habeas petition was not adjudicated on the merits. The Court of Appeals, however, has stated that a habeas corpus petition that is dismissed for an unexcused procedural default is a dismissal on the merits. *See In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Because Petitioner's previous habeas petition was dismissed for an unexcused procedural default, his current application for the writ of habeas corpus is a second or successive habeas corpus petition. *See id*.

Petitioner has not received permission from the Court of Appeals to file a second or successive habeas petition. Accordingly, the Clerk of Court is **ORDERED** to **TRANSFER** this case to the Court of Appeals pursuant to *Sims* and 28 U.S.C. § 1631.

---

[1] Section 1631 provides in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

Dated: August 2, 2006

## CERTIFICATE OF MAILING

I certify that on this date a copy of this order was mailed to Kevin Chandler.

        s/Bernadette M. Thebolt
        Deputy Clerk